IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | }<br>}<br>} |
| Plaintiff, | } CIVIL ACTION NO.<br>}<br>} |
| v. | } COMPLAINT<br>} |
| OK CONCRETE COMPANY, | }<br>} JURY TRIAL DEMANDED |
| Defendant. | }<br>}<br>} |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Joey Snyder. As alleged with greater particularity in paragraph 13 below, the Equal Employment Opportunity Commission ("the Commission") alleges that OK Concrete Company ("Defendant") terminated Mr. Snyder, a qualified individual with a disability, because of that disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to  Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant OK Concrete Company has continuously been doing business in the State of Texas and City of Wichita Falls, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Joey Snyder filed a charge with the Commission alleging a violation of Title I of the ADA by the Defendant.

8. On July 7, 2014, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join

with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On August 27, 2014, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. On or about April 16, 2012, Defendant engaged in unlawful employment practices at its Wichita Falls facility in violation of Section 102(a) and (b) of the ADA, 42 U.S.C. § 12112(a) and (b) when it fired Joey Snyder because of his disability, prostate cancer.

12. Joey Snyder is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  Mr. Snyder has an impairment, prostate cancer, that substantially limits the major bodily function of normal cell growth.

13. Mr. Snyder was hired by the Defendant as a Mixer Driver in March 2012. Approximately one month after his hire, on or about April 16, 2012, Mr. Snyder informed the Defendant that he had prostate cancer.  Although he did not ask for a reasonable accommodation at the time he disclosed his disability, Mr. Snyder did indicate that he may need a short amount of time off for intermittent treatments when his health insurance benefits became active.  Later that same day, Mr. Snyder was fired by the same supervisor to whom he had disclosed his prostate cancer diagnosis.

14. The unlawful employment practices complained of in paragraph 13 above were intentional.

15.     The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Joey Snyder.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any termination decision on an employee's disability status.

B.     Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order the Defendant to make whole Joey Snyder, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or front pay in lieu thereof.

D.     Order the Defendant to make Joey Snyder whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, including but not limited to medical and job search expenses.

E.     Order the Defendant to make Joey Snyder whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 13 above, including but not limited to, humiliation, emotional pain and suffering, anxiety, stress, depression, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F.  Order the Defendant to pay Joey Snyder punitive damages for its malicious and reckless conduct described in paragraph 13 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Shepard
MEAGHAN L. SHEPARD
Trial Attorney
Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749